UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRANDBERRY,<br><br>  Petitioner,<br><br>  v.<br><br>J. GASTELO, Warden,<br><br>  Respondent. | Case No. CV 19-8262-DMG (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, Respondent's Motion to Dismiss, the relevant records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's Objections. Having engaged in a *de novo* review of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

In his Objections, Petitioner contends that it was improper for the Court to have transferred this case to a different Magistrate Judge. (Obj. at 2). Petitioner does not allege, however, any facts establishing judicial misconduct or bias that could serve as a ground for recusal, apart from his displeasure with the Magistrate Judge's recommendation. "[J]udicial rulings alone almost never constitute a valid basis" for recusal, and here, Petitioner's disagreement with the Magistrate Judge's recommendation

is an insufficient ground to compel the extraordinary remedy of judicial recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Petitioner also asserts that access to the prison law library is limited due to the COVID-19 pandemic and is anticipated to remain so until December 2020. (Obj. at 2). Yet, Petitioner does not specify what research, if any, he believes he needed to perform. Immediately following his generalized complaint about library access, Petitioner incorporates by reference the prior contentions in his opposition to Respondent's motion to dismiss in which he argued that any procedural infirmities in the Petition "have no legal bearing on the evidence supplied by Petitioner that sufficiently demonstrates a showing of actual innocence." (*Id.* at 3). Petitioner's opposition addressed relevant case law concerning actual innocence claims, including *Schlup v. Delo*, 513 U.S. 298 (1994). (*See* Opp. to MTD, Dkt. No. 21, at 3). Petitioner's unsupported allegation of limited law library access, which seemingly will apply to every prisoner in the country during the pandemic, without a showing of need, is an inadequate ground to reject the Magistrate Judge's Report and Recommendation. *See Her v. United States*, 2020 WL 1935168, at *2 (D. N.M. Apr. 22, 2020) (petitioner "failed to establish a 'manifest injustice' stemming from any COVID-19 delays" in law library access where he did not specify the research he needed to perform).

Petitioner also appears to contend that the Magistrate Judge failed to properly construe *People v. Chiu*, 59 Cal. 4th 155 (2014), which Petitioner relied on in support of his first ground for habeas relief. (Obj. at 3). This objection is irrelevant because the Report and Recommendation's discussion of *Chiu* merely concluded that because *Chiu* was a state court decision, it did not trigger a later starting date for the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(1)(C), and even if it could be construed as a "factual predicate" triggering an alternate start date of the statute of limitations under § 2244(d)(1)(D), it would not render the Petition timely. (R&R at 4-5 &. n.2).

Finally, Petitioner's cursory assertion that the Magistrate Judge's finding that Petitioner was not entitled to equitable tolling was "incorrect," without any attempt to show why equitable tolling should apply, is not persuasive. (Obj. at 3); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (petitioner bears the burden of showing an entitlement to equitable tolling). Accordingly, all of Petitioner's Objections are overruled.

IT IS ORDERED that Respondent's Motion to Dismiss is granted. The Petition is denied and Judgment shall be entered dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his current address of record and on counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 19, 2020

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE